PROSKAUER ROSE LLP
ANTHONY J. ONCIDI (State Bar No. 118135)
aoncidi@proskauer.com
ANTHONY J. DIBENEDETTO (State Bar No. 282360)
adibenedetto@proskauer.com
TRAVIS T. HALL (State Bar No. 301755)
thall@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
Facsimile:    (310) 557-2193

Attorneys for Defendant,
CHICAGO CUBS BASEBALL CLUB, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HENDERSON, an individual, | Case No. 5:17-cv-02366-SVW-KKx |
| Plaintiff, | **DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| vs. | |
| CHICAGO CUBS BASEBALL CLUB, LLC; and DOES 1 to 20, inclusive, | Pre-Trial Conference: June 11, 2018<br>Time:  3:00 p.m.<br>Judge: Hon. Stephen V. Wilson<br>Courtroom:  10A |
| Defendants. | Complaint Filed: October 18, 2017<br>Trial Date:  June 19, 2018 |

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ...................................................................................1

II.  CLAIMS AND DEFENSES...................................................................2

    A.  SUMMARY OF PLAINTIFF'S CLAIMS ................................2

    B.  ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIMS.....2

    C.  BRIEF DESCRIPTION OF THE KEY EVIDENCE IN OPPOSITION TO OF EACH OF PLAINTIFF'S CLAIMS.........................3

III.  SUMMARY OF THE AFFIRMATIVE DEFENSES THE CUBS INTEND TO PURSUE.........................................................7

    A.  ELEMENTS REQUIRED AND KEY EVIDENCE TO ESTABLISH DEFENDANT'S AFFIRMATIVE DEFENSES ........................................8

        1.  First Affirmative Defense: Failure to State a Cause of Action...........8

        2.  Third Affirmative Defense: Statutes of Limitations...........................8

        3.  Fourth Affirmative Defense: Failure to Use Ordinary Care and Diligence in Performance of Job Duties ............................9

        4.  Fifth Affirmative Defense: Estoppel.....................................9

        5.  Sixth Affirmative Defense: Unclean Hands ......................................10

        6.  Seventh Affirmative Defense: Waiver...............................................10

        7.  Ninth Affirmative Defense: Managerial Privilege ...........................10

        8.  Tenth Affirmative Defense: Frivolous Claims .................................11

        9.  Eleventh Affirmative Defense: Legitimate Non-Discriminatory, Non-Retaliatory Reasons .......................................11

        10.  Twelfth Affirmative Defense: Not a Substantial Motivating Factor.................................................12

        11.  Thirteenth Affirmative Defense: Mixed Motive – Same Decision ................................................12

        12.  Fourteenth Affirmative Defense: Prompt Response to Conduct ........13

        13.  Fifteenth Affirmative Defense: Lack of Reasonable Care ................13

        14.  Sixteenth Affirmative Defense: Consent ..........................................13

        15.  Seventeenth Affirmative Defense: Ratification.................................14

i

16. Eighteenth Affirmative Defense: De Minimis .................................... 14

17. Nineteenth Affirmative Defense: Reasonableness and Good Faith ......................................................................................................... 14

18. Twentieth Affirmative Defense: Fault of Plaintiff or Others ............ 15

19. Twenty-First Affirmative Defense: Contributory Causation .............. 15

20. Twenty-Second Affirmative Defense: Failure to Mitigate Damages ................................................................................................. 16

21. Twenty-Third Affirmative Defense: Offset ....................................... 16

22. Twenty-Fourth Affirmative Defense: Exclusive Remedy of Workers' Compensation Law ............................................................. 16

23. Twenty-Fifth Affirmative Defense: Not a Qualified Individual with a Disability ................................................................................... 17

24. Twenty-Sixth Affirmative Defense: Accommodation Request Unreasonable ........................................................................................ 18

25. Twenty-Seventh Affirmative Defense: Undue Hardship .................. 18

26. Twenty-Eighth Affirmative Defense: Procedural Due Process ......... 18

27. Twenty-Ninth Affirmative Defense: Protection from Excessive Fines ...................................................................................................... 19

28. Thirty-First Affirmative Defense: No Extreme or Outrageous Conduct .................................................................................................. 19

29. Thirty-Second Affirmative Defense: Pre-existing Conditions .......... 20

30. Thirty-Third Affirmative Defense: No Meal and Rest Period Violations .............................................................................................. 20

31. Thirty-Fourth Affirmative Defense: No Entitlement to Waiting Time Penalties ...................................................................................... 20

32. Thirty-Fifth Affirmative Defense: No Entitlement to Overtime ........ 21

33. Thirty-Sixth Affirmative Defense: Compliance with Statutes .......... 21

34. Thirty-Seventh Affirmative Defense: No Special Damages .............. 21

IV. SIMILAR STATEMENTS FOR ALL THIRD PARTIES ................................. 21

V. IDENTIFICATION OF ANY ANTICIPATED EVIDENTIARY ISSUES AND DEFENDANT'S POSITION ON THESE ISSUES ................................. 21

VI. IDENTIFICATION OF ANY ISSUES OF LAW THAT ARE GERMANE TO THE CASE AND DEFENDANT'S POSITION ON THESE ISSUES ....... 23

VII. BIFURCATION OF ISSUES ............................................................................. 35

ii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VIII.  JURY TRIAL ........................................................................................ 35

IX.    ATTORNEYS' FEES ........................................................................... 35

X.     ABANDONMENT OF ISSUES ........................................................... 35

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# TABLE OF AUTHORITIES

Page(s)

**STATE CASES**

*Alamo v. Practice Mgmt. Info. Corp.*,
219 Cal. App. 4th 466 (2013) ...................................................................... 3

*Davidson v. City of Westminster*,
32 Cal. 3d 197 (1982) ................................................................................. 19

*Fiberboard Paper Prods. Corp. v. East Bay Union of Machinists*,
185 Cal. App. 4th 1550 (2010) .................................................................. 10

*Haberman v. Cengage Learning, Inc.*,
180 Cal. App. 4th 365 (2009) ...................................................................... 3

*Harper v. Kaiser Cement Corp.*,
144 Cal. App. 3d 616 (1983) ...................................................................... 10

*Harris v. City of Santa Monica*,
56 Cal. 4th 203 (2013) ............................................................................... 12

*LeMons v. Regents of University of California*,
21 Cal. 3d 869 (1978) ................................................................................. 16

*Li v. Yellow Cab Co.*,
13 Cal. 3d 804 (1975) ................................................................................. 16

*Maldonado v. Epsilon Plastics, Inc.*,
--- Cal. Rptr. 3d ---, 2018 WL 2123889 (Cal. Ct. App. 2018) .................... 32

*Yanowitz v. L'Oreal USA, Inc.*,
36 Cal. 4th 1028 (2005) ................................................................................ 3

**FEDERAL CASES**

*Hoskins v. BP Prod. N. Am. Inc.*,
No. 2:13-CV-0574-SVW, 2014 WL 116280 (C.D. Cal. Jan. 9, 2014) ..................... 2,3

*Kolstad v. American Dental Association*,
527 U.S. 526 (1999) .................................................................................... 15

*McCarthy v. R.J. Reynolds Tobacco Co.*,
819 F. Supp. 2d 923 (E.D. Cal. 2011) ......................................................... 2

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973) .................................................................................... 11

*Nichols v. Azteca Rest. Enterprises, Inc.*,
256 F.3d 864 (9th Cir. 2001) ........................................................................ 3

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**FEDERAL STATUTES/RULES**

29 U.S.C.
   § 623(f)(1) ................................................................................................ 11

42 U.S.C.
   § 12111(8) ............................................................................................... 17

Local Rule 16-4 ............................................................................................... 1

**STATE STATUTES/RULES**

Cal. Bus. & Prof. Code
   § 17200, et seq. ...................................................................................... 34

Cal Evid. Code
   § 623 ........................................................................................................ 9

Cal. Gov't Code
   § 12926(t) .............................................................................................. 18
   § 12940(a) .................................................................................... 2,23,26
   § 12940(h) .......................................................................................... 2,25
   § 12940(k) .............................................................................................. 27
   § 12940(m) ............................................................................................ 24
   § 12940(n) ............................................................................................. 25
   § 12945(i) .............................................................................................. 25
   § 12945(l) ................................................................................................ 2
   § 12945.2 ............................................................................................... 28

Cal. Lab. Code
   § 201 ...................................................................................................... 32
   § 201(a) ................................................................................................. 29
   § 202 ...................................................................................................... 32
   § 203 ................................................................................................. 20,32
   § 204 ...................................................................................................... 29
   § 226(a) ................................................................................................. 32
   § 226(b) ................................................................................................. 32
   § 226(c) ................................................................................................. 32
   § 226(d) ................................................................................................. 32
   § 226(e) ................................................................................................. 32
   § 226(f) .................................................................................................. 32
   § 226(g) ................................................................................................. 32
   § 226.7 .............................................................................................. 30,31
   § 226.7(3) .............................................................................................. 20
   § 510 ...................................................................................................... 29
   § 512 ...................................................................................................... 31
   § 515(a) ................................................................................................. 21
   § 558 ...................................................................................................... 29
   § 1194 .................................................................................................... 29
   § 1198 .................................................................................................... 29
   § 2802 ............................................................................................... 33,34
   § 2854 ...................................................................................................... 9
   § 2856 ...................................................................................................... 9
   § 2858 ...................................................................................................... 9
   § 3601, *et seq.* ...................................................................................... 17

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

California Fair Employment and Housing Act
§ 12965(b) .................................................................. 35

**OTHER AUTHORITIES**

CACI 405 ..................................................................... 15

CACI 454 ....................................................................... 8

CACI 1602 ................................................................... 19

CACI 2545 ................................................................... 18

Cal. Const. art. I, § 17 ................................................ 19

Ninth Circuit Manual of Model Civil Jury Instructions § 10.2(B) (2007) ....................... 13

U.S. Const. amend. XIX ........................................ 18,19

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Pursuant to Central District of California Local Rule 16-4, Defendant Chicago Cubs Baseball Club, LLC (the "Cubs" or "Defendant") respectfully submits the following Memorandum of Contentions of Fact and Law.

## I.      INTRODUCTION

Plaintiff Dennis Henderson ("Plf.") has alleged a laundry list of claims that are entirely without merit. His eight interrelated wage and hour claims, including six California Labor Code claims and two derivative claims, are premised on a risible theory that he was misclassified as an exempt employee when he worked for the Cubs as a Professional Scout. The Cubs will be able to show – using Plf.'s own admissions during his deposition – that Plf. was engaged almost exclusively in exempt tasks. Indeed, based on his Opposition to the Cubs' Motion for Summary Judgment or, in the alternative, Partial Summary Judgment, Plf. appears to have abandoned these wage and hour claims.

Plf. further alleges purported claims for disability and age discrimination and retaliation under the California Fair Employment and Housing Act ("FEHA"). However, the wrongful conduct of which Plf. complains occurred outside of California. Further, Plf. conceded that he did not need, desire, or request a leave of absence or any accommodation whatsoever. In addition, Plf. admits that he is not aware of anyone who discriminated against him, nor is he aware of any facts that support his allegations of age and disability discrimination – other than the fact that he happens to be over 40 years of age and allegedly had hip surgery.

The Cubs will be able to use the evidence in this case to show that Plf. was widely viewed as one of the Cubs' worst performing scouts, and the decision not to renew his employment contract was based on his subpar performance, not on any discriminatory animus.

## II.    CLAIMS AND DEFENSES

### A.    <u>SUMMARY OF PLAINTIFF'S CLAIMS</u>

Based on his Complaint and Opposition to Motion for Summary Judgment or, in the alternative, Partial Summary Judgment, Plf. has indicated he only intends to pursue the following claims:

**Claim 1:** Disability Discrimination in Violation of Cal. Gov't Code § 12940(a).

**Claim 2:** Age Discrimination in Violation of Cal. Gov't Code § 12940(a).

**Claim 3:** Retaliation in Violation of Cal. Gov't Code §§ 12940(h) and 12945(l).

**Claim 4:** Wrongful Termination in Violation of Public Policy.

### B.    <u>ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIMS</u>

#### Claim 1: Disability Discrimination

To establish a *prima facie* case of disability discrimination under the FEHA, the plaintiff must show that:

1.     He belongs in a protected class;

2.     He was performing according to his employer's legitimate expectations;

3.     He suffered an adverse employment action; and

4.     Some other circumstance suggests discriminatory motive...."

*See Hoskins v. BP Prod. N. Am. Inc*., No. 2:13-CV-0574-SVW, 2014 WL 116280, at *3 (C.D. Cal. Jan. 9, 2014) (Wilson, J.) (citing *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000)). In the disability discrimination context, Plf. must also show, in part, that Plf. suffered from a disability and suffered an adverse employment action because of such disability. *McCarthy v. R.J. Reynolds Tobacco Co*., 819 F. Supp. 2d 923, 934 (E.D. Cal. 2011).

#### Claim 2: Age Discrimination

To establish a *prima facie* case of age discrimination under the FEHA, Plf. must show that:

1.     He belongs in a protected class;

2.     He was performing according to his employer's legitimate expectations;

3.      He suffered an adverse employment action; and

4.      Some other circumstance suggests discriminatory motive....”

*See Hoskins v. BP Prod. N. Am. Inc*., 2014 WL 116280, at *3 (C.D. Cal. Jan. 9, 2014) (Wilson, J.) (citing *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000)).

**<u>Claim 3: Retaliation</u>**

To establish a *prima facie* case of retaliation under FEHA, Plf. must show that:

1.      He engaged in a protected activity;

2.      His employer subjected him to an adverse employment action; and

3.      There is a causal link between the two.

*See Haberman v. Cengage Learning, Inc.*, 180 Cal. App. 4th 365, 386 (2009).

To prove a "causal link," Plf. must demonstrate that his engagement in a "protected activity" was a "substantial motivating factor" for the Cubs' decision not to renew his contract. *Alamo v. Practice Mgmt. Info. Corp.*, 219 Cal. App. 4th 466, 483 (2013). For a FEHA retaliation claim, "protected activity" means complaining of or opposing conduct that the employee reasonably believes to be discriminatory. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1043 (2005).

**<u>Claim 4: Failure to Prevent Discrimination or Retaliation</u>**

To establish a cause of action for Failure to Prevent Discrimination or Retaliation, Plf. must prove all of the following:

1.      He was employed by the Cubs;

2.      The Cubs knew or should have known that he suffered discrimination or retaliation; and

3.      The Cubs failed to take adequate remedial measures.

*See Nichols v. Azteca Rest. Enterprises, Inc*., 256 F.3d 864, 875 (9th Cir. 2001).

**C.      <u>BRIEF DESCRIPTION OF THE KEY EVIDENCE IN OPPOSITION TO OF EACH OF PLAINTIFF'S CLAIMS</u>**

**<u>Evidence in Opposition to Claim 1: Disability Discrimination</u>**

Plf. cannot prevail on any FEHA claims because he cannot show that any alleged

1   unlawful conduct occurred in California. Further, Plf. has not demonstrated that he

2   possessed an injury or physical disability that made it difficult for him to achieve his

3   work.  Furthermore, Plf. never informed the Cubs that he suffered from a disability.

4   Finally, Plf. was never subject to any of the adverse employment actions that he alleged

5   because he was not terminated - his employment contract was simply not renewed.  Even

6   if Plf. could prove an adverse employment action in the form of a termination, the Cubs

7   can prove a legitimate, non-discriminatory reason for his termination.

8          The key evidence the Cubs will rely on in opposing Plf.'s disability discrimination

9   claim is:

10         • All of the alleged discriminatory actions occurred outside California;

11         • Plf. alleges he had surgery in 2014 that did not cause him to miss work;

12         • Plf. asserts that he had a second surgery in 2016, but he did not believe it would

13           affect his work;

14         • Plf. did not submit any medical documentation concerning his alleged disability

15           to the Cubs and did not produce such documentation in this matter;

16         • Plf.'s performance was unanimously criticized by those that relied on his work

17           the most;

18         • Plf.'s supervisor identified Plf.'s performance deficiencies immediately, noting

19           Plf.'s scouting reports did not have the internal consistency the Cubs were

20           seeking, and referring to Plf. as a "bad scout" who did not have the aptitude

21           necessary to improve; and

22         • Plf. was not terminated from his employment; rather, his contract following the

23           2016 season was not renewed.

24   **Evidence in Opposition to Claim 2: Age Discrimination**

25         Plf. cannot prevail on any FEHA claims because he cannot show that any alleged

26   unlawful conduct occurred in California. Plaintiff cannot show that he was discriminated

27   against or terminated on the basis of his age.  As discussed in the Cubs' Evidence in

28   Opposition to Plf.'s Claim for Disability Discrimination, the decision not to renew Plf.'s

- 4 -

contract was a result of the fact that he was not performing according to the Cubs' legitimate expectations.  Plf. also cannot prove that he suffered from an alleged adverse employment action.  Thus, the key evidence the Cubs will rely on in opposing Plf.'s age discrimination claim is:

- All of the alleged discriminatory actions occurred outside California;
- Plf. cannot identify anyone who allegedly discriminated against him;
- Plf.'s performance was unanimously criticized by those that relied on his work the most;
- Plf.'s supervisor identified Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did not have the aptitude necessary to improve;
- In 2016 alone, the Cubs hired three employees in the same protected class for a department of just 14 employees;
- The Cubs employed and retained three scouts who were over 60 years of age in this same group; and
- Plf. was not terminated from his employment; rather, his contract following the 2016 season was not renewed.

**Evidence in Opposition to Claim 3: Retaliation**

The Cubs will oppose Plf.'s retaliation claim on the same grounds as it opposes Plf.'s other FEHA claims for age and disability discrimination. Thus, the key evidence the Cubs will rely on in opposing Plf.'s retaliation claim is:

- All of the alleged discriminatory actions occurred outside California;
- Plf. never engaged in a protected activity as he did not submit any medical documentation concerning his alleged disability to the Cubs and did not produce such documentation in this matter;
- Plf.'s performance was unanimously criticized by those that relied on his work the most;

- Plf.'s supervisor identified Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did not have the aptitude necessary to improve; and

- Plf. was not terminated from his employment; rather, his contract following the 2016 season was not renewed.

**Evidence in Opposition to Claim 4: Failure to Prevent Discrimination or Retaliation**

The Cubs will oppose Plf.'s Failure to Prevent claim on the same grounds as it opposes Plf.'s other FEHA claims as Plf.'s this claim is premised on his underlying FEHA claims. The Cubs will also show that Plf. never notified the Cubs of any alleged wrongful conduct. Therefore, the Cubs did not have an obligation to prevent such alleged conduct. Thus, the key evidence the Cubs will rely on in opposing Plf.'s wrongful termination claim is:

- All of the alleged discriminatory actions occurred outside California;

- Plf. never engaged in a protected activity as he did not submit any medical documentation concerning his alleged disability to the Cubs and did not produce such documentation in this matter;

- Plf.'s performance was unanimously criticized by those that relied on his work the most;

- Plf.'s supervisor identified Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did not have the aptitude necessary to improve; and

- Plf. was not terminated from his employment; rather, his contract following the 2016 season was not renewed.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1
2

**III.   SUMMARY OF THE AFFIRMATIVE DEFENSES THE CUBS INTEND TO PURSUE**

3    The Cubs intends to pursue its following affirmative defenses at trial:

4    1.   First Affirmative Defense: Failure to State a Cause of Action.

5    2.   Third Affirmative Defense: Statutes of Limitations.

6    3.   Fourth Affirmative Defense: Failure to Use Ordinary Care and
7         Diligence in Performance of Job Duties.

8    4.   Fifth Affirmative Defense: Estoppel.

9    5.   Sixth Affirmative Defense: Unclean Hands.

10   6.   Seventh Affirmative Defense: Waiver

11   7.   Ninth Affirmative Defense: Managerial Privilege.

12   8.   Tenth Affirmative Defense: Frivolous Claims.

13   9.   Eleventh Affirmative Defense: Legitimate Non-Discriminatory, Non-
14        Retaliatory Reasons.

15   10.  Twelfth Affirmative Defense: Not a Substantial Motivating Factor.

16   11.  Thirteenth Affirmative Defense: Mixed Motive – Same Decision.

17   12.  Fourteenth Affirmative Defense: Prompt Response to Conduct.

18   13.  Fifteenth Affirmative Defense: Lack of Reasonable Care.

19   14.  Sixteenth Affirmative Defense: Consent.

20   15.  Seventeenth Affirmative Defense: Ratification.

21   16.  Eighteenth Affirmative Defense: De Minimis.

22   17.  Nineteenth Affirmative Defense: Reasonableness and Good Faith.

23   18.  Twentieth Affirmative Defense: Fault of Plaintiff or Others.

24   19.  Twenty-First Affirmative Defense: Contributory Causation.

25   20.  Twenty-Second Affirmative Defense: Failure to Mitigate Damages.

26   21.  Twenty-Third Affirmative Defense: Offset.

27   22.  Twenty-Fourth Affirmative Defense: Exclusive Remedy of Workers'
28        Compensation Law.

23. Twenty-Fifth Affirmative Defense: Not a Qualified Individual with a Disability.

24. Twenty-Sixth Affirmative Defense: Accommodation Request Unreasonable.

25. Twenty-Seventh Affirmative Defense: Undue Hardship.

26. Twenty-Eighth Affirmative Defense: Procedural Due Process.

27. Twenty-Ninth Affirmative Defense: Protection from Excessive Fines.

28. Thirty-First Affirmative Defense: No Extreme or Outrageous Conduct.

29. Thirty-Second Affirmative Defense: Pre-existing Conditions.

30. Thirty-Third Affirmative Defense: No Meal and Rest Period Violations.

31. Thirty-Fourth Affirmative Defense: No Entitlement to Waiting Time Penalties.

32. Thirty-Fifth Affirmative Defense: No Entitlement to Overtime.

33. Thirty-Sixth Affirmative Defense: Compliance with Statutes.

34. Thirty-Seventh Affirmative Defense: No Special Damages.

**A. ELEMENTS REQUIRED AND KEY EVIDENCE TO ESTABLISH DEFENDANT'S AFFIRMATIVE DEFENSES**

**1. First Affirmative Defense: Failure to State a Cause of Action**

This defense does not have specific elements of its own, and instead turns on the failure of Plaintiff's Complaint to state the elements of its own claims, which are outlined above.

**2. Third Affirmative Defense: Statutes of Limitations**

To succeed on this defense, the Cubs must prove:

1. Plf.'s claimed harm occurred before October 18, 2013 [four years before the filing of his Complaint].

*See* Judicial Council of California Civil Jury Instructions ("CACI") No. 454.

The key evidence the Cubs will use to support this defense is:

- To the extent that any of the injuries alleged by Plf. occurred prior to October 18, 2013, the Cubs are not liable for such injuries.

### 3. Fourth Affirmative Defense: Failure to Use Ordinary Care and Diligence in Performance of Job Duties

To succeed on this defense, the Cubs must prove:

1.    Plf. failed to act with reasonable skill, diligence, and cooperation in carrying out the duties and responsibilities required by his employment with the Cubs.

*See* Cal. Labor Code Sections 2854, 2856, and 2858.

The key evidence the Cubs will use to support this defense is:

- Plf.'s performance was unanimously criticized by those that relied on his work the most; and
- Plf.'s supervisor identified Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did not have the aptitude necessary to improve.

### 4. Fifth Affirmative Defense: Estoppel

To succeed on this defense, the Cubs must prove the following elements:

1.    Plf., by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true; and

2.    The Cubs acted upon such belief.

*See* Cal Evid. Code § 623.

The key evidence the Cubs will use to support this defense is:

- Plf. did not submit any medical documentation concerning his alleged disability to the Cubs and did not produce such documentation in this matter. Plf. further represented that his surgeries in 2014 and 2016 would not affect his work.  Accordingly, the Cubs relied on Plf.'s statements.

1

**5.      Sixth Affirmative Defense: Unclean Hands**

2

To succeed on this defense, the Cubs must prove:

3      1.      Plf. violated conscience, good-faith or other equitable principles in his prior

4      conduct.

5      *See Fiberboard Paper Prods. Corp. v. East Bay Union of Machinists*, 185 Cal.

6      App. 4th 1550, 1557 (2010).

7      The key evidence the Cubs will use to support this defense is:

8         •   Plf. did not submit any medical documentation concerning his alleged

9             disability to the Cubs and did not produce such documentation in this matter.

10            Plf. further represented that his surgeries in 2014 and 2016 would not affect

11            his work.  Now, Plf. is making false claims about the representations he

12            made to the Cubs about his injuries and its effect on his ability to work.

13

**6.      Seventh Affirmative Defense: Waiver**

14

To succeed on this defense, the Cubs must prove:

15      1.      Plf. intentionally relinquished a known right after knowledge of the facts.

16      *See Harper v. Kaiser Cement Corp.*, 144 Cal. App. 3d 616, 619 (1983).

17      The key evidence the Cubs will use to support this defense is:

18         •   Plf. never complained to the Cubs about his alleged wage and hour

19             violations during his employment.

20         •   Plf. did not submit any medical documentation concerning his alleged

21             disability to the Cubs and did not produce such documentation in this matter.

22             Plf. further represented that his surgeries in 2014 and 2016 would not affect

23             his work.  Now, Plf. is making false claims about the representations he

24             made to the Cubs about his injuries and its effect on his ability to work.

25

**7.      Ninth Affirmative Defense: Managerial Privilege**

26

To succeed on this defense, the Cubs must prove:

27      1.      The Cubs and its agents were privileged in the exercise of managerial

28      discretion with respect to Plf.'s employment and neither the Cubs nor its agents

- 10 -

abused or exceeded their managerial discretion in their conduct toward Plf.

The key evidence the Cubs will use to support this defense is:

- Plf.'s performance was unanimously criticized by those that relied on his work the most; and

- Plf.'s supervisor identified Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did not have the aptitude necessary to improve.

### 8. Tenth Affirmative Defense: Frivolous Claims

This defense does not have specific elements of its own, and instead turns on the failure of Plf. to bring his purported claims in good faith.

The key evidence the Cubs will use to support this defense is the evidence described above to oppose each of Plf.'s underlying claims.

### 9. Eleventh Affirmative Defense: Legitimate Non-Discriminatory, Non-Retaliatory Reasons

To succeed on this defense, the Cubs must prove:

1.     The decision not to renew Plf.'s contract was based on a factor other than the Plf.'s age/disability.

*See* 29 U.S.C. § 623(f)(1); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

The key evidence the Cubs will use to support this defense is:

- Plf.'s performance was unanimously criticized by those that relied on his work the most; and

- Plf.'s supervisor identified Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did not have the aptitude necessary to improve.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**10.   Twelfth Affirmative Defense: Not a Substantial Motivating Factor**

To succeed on this defense, the Cubs must prove:

1.      Even if Plf. could make the requisite showing that discrimination, harassment or retaliation based on a protected status was a factor motivating the challenged employment action, such factor was not a substantial motivating one. The key evidence the Cubs will use to support this defense is:

- Plf.'s performance was unanimously criticized by those that relied on his work the most; and

- Plf.'s supervisor identified Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did not have the aptitude necessary to improve.

- Plf. was not terminated from his employment; rather, his contract following the 2016 season was not renewed.

**11.   Thirteenth Affirmative Defense: Mixed Motive – Same Decision**

To succeed on this defense, the Cubs must prove:

1.      Despite a showing by Plf. of discrimination, harassment, or retaliation based on protected status, the same employment action would have been taken based on legitimate, non-discriminatory, non-retaliatory reasons.

*See Harris v. City of Santa Monica*, 56 Cal. 4th 203, 211 (2013).

The key evidence the Cubs will use to support this defense is:

- Plf.'s performance was unanimously criticized by those that relied on his work the most; and

- Plf.'s supervisor identified Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did not have the aptitude necessary to improve.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

### 12.   Fourteenth Affirmative Defense: Prompt Response to Conduct

To succeed on this defense, the Cubs must prove:

1.   The Cubs exercised reasonable care to prevent, and promptly correct, any discriminatory or otherwise unlawful behavior.

The key evidence the Cubs will use to support this defense is the fact that Plf. never complained about any discriminatory or otherwise unlawful behavior during his employment.  Accordingly, the Cubs cannot be liable for failure to respond to a nonexistent complaint.

### 13.   Fifteenth Affirmative Defense: Lack of Reasonable Care

To succeed on this defense, the Cubs must prove:

1.   The Cubs exercised reasonable care to prevent and promptly correct the harassing behavior;

2.   Plf. unreasonably failed to take advantage of the preventative and corrective opportunities provided by the Cubs or unreasonably failed to otherwise avoid harm.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 10.2(B) (2007).

The key evidence the Cubs will use to support this defense is:

- Plf. did not complain of discrimination or retaliation during his employment with the Cubs;
- Plf. never complained to the Cubs about his alleged wage and hour violations during his employment;
- The Cubs have procedures available to employees by which they can complain of such behavior.

### 14.   Sixteenth Affirmative Defense: Consent

To succeed on this defense, the Cubs must prove:

1.   The alleged conduct of the Cubs complained of in the Complaint was approved, consented to, and/or authorized by Plaintiff through his actions, omissions, and course of conduct.

The key evidence the Cubs will use to support this defense is:

- Plf. never complained to the Cubs about discrimination or retaliation during his employment;
- Plf. never complained to the Cubs about his alleged wage and hour violations during his employment.

### 15. Seventeenth Affirmative Defense: Ratification

To succeed on this defense, the Cubs must prove:

1. Plf. adopted in some manner as his own an act which was purportedly done on his behalf by another person;

2. The effect of which, as to some or all persons, is to treat the act as if originally authorized by him.

The key evidence the Cubs will use to support this defense is:

- Plf. did not complain of discrimination or retaliation during his employment with the Cubs; and
- Plf. never complained to the Cubs about his alleged wage and hour violations during his employment.

### 16. Eighteenth Affirmative Defense: De Minimis

To succeed on this defense, the Cubs must prove:

1. Even if Plf. suffered damages in the form of lost wages, such damage is *de minimis*.

The key evidence the Cubs will use to support this defense is:

- Plf. could have mitigated most, if not all, of his lost wages had he reasonably attempted to obtain new employment following the Cubs' decision not to renew his contract; and
- Plf. has earned significant income following his employment with the Cubs.

### 17. Nineteenth Affirmative Defense: Reasonableness and Good Faith

To succeed on this defense, the Cubs must prove:

- 14 -

1.    The employment decisions of managerial agents were made in good faith to comply with the law.

*See Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

The key evidence the Cubs will use to support this defense is:

- The Cubs were unaware of Plf. possessing any limiting disability as he did not submit any medical documentation concerning his alleged disability and further represented that his surgeries would not affect his work;
- Plf.'s performance was unanimously criticized by those that relied on his work the most; and
- Plf.'s supervisor identified Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did not have the aptitude necessary to improve.

**18.     Twentieth Affirmative Defense: Fault of Plaintiff or Others**

To succeed on this defense, the Cubs must prove:

1.    Plf. was negligent;

2.    Plf.'s negligence was a substantial factor in causing his harm.

*See* CACI 405.

The key evidence the Cubs will use to support this defense is:

- Plf. did not submit any medical documentation concerning his alleged disability to the Cubs and did not produce such documentation in this matter. Plf. further represented that his surgeries in 2014 and 2016 would not affect his work;
- Plf. never complained to the Cubs about his alleged wage and hour violations during his employment.

**19.     Twenty-First Affirmative Defense: Contributory Causation**

To succeed on this defense, the Cubs must prove:

1.    Plf.'s conduct contributed as a legal cause of injury.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*See Li v. Yellow Cab Co.*, 13 Cal. 3d 804, 828-29 (1975).

The key evidence the Cubs will use to support this defense is:

- Plf. did not submit any medical documentation concerning his alleged disability to the Cubs and did not produce such documentation in this matter.
- Plf. further represented that his surgeries in 2014 and 2016 would not affect his work;
- Plf. never complained to the Cubs about his alleged wage and hour violations during his employment.

**20.    Twenty-Second Affirmative Defense: Failure to Mitigate Damages**

To succeed on this defense, the Cubs must prove:

1.     Plf. could have avoided future damages by exercising ordinary care after the injury; and

2.     Plf. failed to do so.

*See LeMons v. Regents of University of California*, 21 Cal. 3d 869, 874-875 (1978).

The key evidence the Cubs will use to support this defense is:

- Plf. unreasonably failed to take advantage of the preventative and corrective opportunities provided by the Cubs or unreasonably failed to otherwise avoid harm.

**21.    Twenty-Third Affirmative Defense: Offset**

To succeed on this claim, the Cubs must prove:

1.     Plf. received income from any other sources following the Cubs' decision not to renew his contract.

The key evidence the Cubs will use to support this defense is:

- Plf. received payments from the Cubs' disability plan and California State Disability Insurance.

**22.    Twenty-Fourth Affirmative Defense: Exclusive Remedy of Workers' Compensation Law**

To succeed on this defense, the Cubs must prove:

1.    Plf. was subject to California Workers' Compensation provisions;

2.    A compensable injury occurred at the time Plf. was subject to California Workers' Compensation provisions;

3.    At the time of such injury, Plf. was performing services growing out of, and incidental to, his employment and was acting within the course and scope of his employment;

4.    The injury was proximately caused by Plf.'s employment;

5.    The Cubs were providing workers' compensation coverage without any charge to Plf.

*See* California Labor Code Sections 3601, *et seq.*

The key evidence the Cubs will use to support this defense is:

- The alleged injuries occurred while Plf. was performing his duties as a scout for the Cubs;
- The injuries are alleged to have been proximately caused by his employment;
- Plf.'s injuries are compensable;
- The Cubs were providing workers' compensation coverage without any charge to Plf.

### 23.    Twenty-Fifth Affirmative Defense: Not a Qualified Individual with a Disability

To succeed on this defense, the Cubs must prove:

1.    With or without reasonable accommodations, Plf. could not perform the essential functions of the employment position he held.

*See* 42 U.S.C. 12111(8).

The key evidence the Cubs will use to support this defense is:

- The Cubs could not reasonably determine if Plf. could perform the essential functions of his position, even with accommodations, as Plf. did not submit any medical documentation concerning his alleged disability to the Cubs and

did not produce such documentation in this matter.

### 24.    Twenty-Sixth Affirmative Defense: Accommodation Request Unreasonable

To succeed on this defense, the Cubs must prove:

1.    The accommodation request allegedly requested by Plf. was unreasonable. The key evidence the Cubs will use to support this defense is:

- The Cubs could not determine if any request for accommodation was reasonable as Plf. did not make such a request.

### 25.    Twenty-Seventh Affirmative Defense: Undue Hardship

To succeed on this claim, the Cubs must prove:

1.    The accommodation requested by Plf. would be significantly difficult or expensive to make in consideration of the following factors: the nature and cost of the accommodation; the Cubs' ability to pay for the accommodation; the type of operations conducted at the facility; the number of employees, the number, type, and location of facilities; and the administrative and financial relationship of the facilities to one another.

*See* CACI 2545; Cal. Gov't Code § 12926(t).

The key evidence the Cubs will use to support this defense is:

- Plf. made no request for accommodation that could have been accommodated by the Cubs without causing undue hardship.

### 26.    Twenty-Eighth Affirmative Defense: Procedural Due Process

To succeed on this defense, the Cubs must prove:

1.    To the extent that it seeks punitive or exemplary damages, Plf.'s Complaint violated the Cubs' right to procedural due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California and, therefore, fails to state a cause of action upon which punitive or exemplary damages may be awarded.

*See* U.S. Const. amend. XIX.

The key evidence the Cubs will use to support this defense is:

- Plf.'s Complaint seeks punitive damages;
- For the reasons stated above, Plf. cannot maintain a single cause of action alleged in his Complaint.

### 27.    Twenty-Ninth Affirmative Defense: Protection from Excessive Fines

To succeed on this claim, the Cubs must prove:

1.    Plf. seeks punitive damages;

2.    The amount of punitive damages sought constitutes "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, Section 17 of the Constitution of the State of California.

*See* U.S. Const. amend. XIX; Cal. Const. art. I, § 17.

The key evidence the Cubs will use to support this defense is:

- Plf. has no evidence to support his claim for punitive damages.

### 28.    Thirty-First Affirmative Defense: No Extreme or Outrageous Conduct

To succeed on this defense, the Cubs must prove:

1.    The conduct alleged by Plf. was not so extreme as to exceed all bounds of that usually tolerated in a civilized society.

*See* CACI 1602; *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982).

The key evidence the Cubs will use to support this defense is:

- Plf. alleges he had surgery in 2014 that did not cause him to miss work;
- Plf. asserts that he had a second surgery in 2016, but he did not believe it would affect his work;
- Plf. did not submit any medical documentation concerning his alleged disability to the Cubs and did not produce such documentation in this matter;
- Plf.'s performance was unanimously criticized by those that relied on his work the most; and
- Plf.'s supervisor identified Plf.'s performance deficiencies immediately,

noting Plf.'s scouting reports did not have the internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did not have the aptitude necessary to improve; and

- Plf. was not terminated from his employment; rather, his contract following the 2016 season was not renewed.

### 29.    Thirty-Second Affirmative Defense: Pre-existing Conditions

To succeed on this defense, the Cubs must prove:

1.    To the extent Plf. suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission by the Cubs.

The key evidence the Cubs will use to support this defense is:

- The Cubs reserve the right to argue that the injuries Plf. may allege during trial testimony were the result of pre-existing conditions.

### 30.    Thirty-Third Affirmative Defense: No Meal and Rest Period Violations

To succeed on this defense, the Cubs must prove:

1.    Plf. was properly classified as an exempt employee.

*See* Cal. Labor Code Section 226.7(3).

The key evidence the Cubs will use to support this defense is:

- Plf's work was qualitatively administrative;
- Plf. exercised discretion and independent judgment;
- Plf. performed his work under only general supervision;
- Plf. was primarily engaged in duties that meet the test of the exemption.

### 31.    Thirty-Fourth Affirmative Defense: No Entitlement to Waiting Time Penalties

To succeed on this defense, the Cubs must prove:

1.    The Cubs did not willfully fail to pay any wages owed to Plf.

*See* Cal. Labor Code Section 203.

The key evidence the Cubs will use to support this defense is:

1    • Plf. was paid all wages owed by the Cubs.

2    **32.    Thirty-Fifth Affirmative Defense: No Entitlement to Overtime**

3    To succeed on this defense, the Cubs must prove:

4    1.    Plf. was properly classified as an exempt employee.

5    *See* Cal. Labor Code Section 515(a).

6    The key evidence the Cubs will use to support this defense is:

7    • Plf's work was qualitatively administrative;

8    • Plf. exercised discretion and independent judgment;

9    • Plf. performed his work under only general supervision;

10   • Plf. was primarily engaged in duties that meet the test of the exemption.

11   **33.    Thirty-Sixth Affirmative Defense: Compliance with Statutes**

12   This defense does not possess specific elements of its own but instead turns on

13   Plf.'s inability to prove that the Cubs violated the FEHA and California Labor Code

14   sections alleged.

15   The Cubs incorporate the evidence described above in opposition to Plf.'s FEHA

16   and California Labor Code claims.

17   **34.    Thirty-Seventh Affirmative Defense: No Special Damages**

18   This defense does not possess specific elements of its own but instead turns on the

19   Cubs ability to prove that Plf. has not specifically alleged special damages.

20   The key evidence the Cubs will use to support this defense is:

21   • Plf. has failed to specifically allege special damages.

22   **IV.    SIMILAR STATEMENTS FOR ALL THIRD PARTIES**

23   None.

24   **V.    IDENTIFICATION OF ANY ANTICIPATED EVIDENTIARY ISSUES AND**

25   **DEFENDANT'S POSITION ON THESE ISSUES**

26   The evidentiary issues of which the Cubs are currently aware are those to be

27   presented in the parties' respective motions in limine.

28   The Cubs anticipate filing the following motions in limine:

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1        1.     Motion to Exclude the Financial Condition of Chicago Cubs Baseball Club,

2  LLC.  Introduction of such evidence at trial would be unduly prejudicial to the Cubs as

3  the only conceivable purpose of offering such evidence would be to suggest to the jury

4  that the Cubs can pay for any damages amount and thus, its financial condition has some

5  bearing on the Cubs' liability in this case.

6        2.     Motion to Preclude Attendance of Non-Party Witnesses in the Courtroom Until

7  Called to Testify.  If allowed to hear the testimony of other witnesses, each party's witnesses

8  may be susceptible to intimidation or fear if they knowingly oppose the testimony of a prior

9  witness, or conversely, may tailor their testimony in a manner which will please prior

10  witnesses or have their opinion influenced by what they have previously heard.

11        3.     Motion to Exclude Evidence of Lay Witness Testimony Regarding

12  Emotional Distress.  Lay testimony on the diagnosis, prognosis or clinical severity of a

13  party's state of emotional health, derived solely from his or her own untrained opinions

14  and personal beliefs on the subject has no probative value to a jury as a lay person does

15  not possess the professional expertise to render an opinion on the subject.  Such lay

16  testimony will only distract the jury from the expert testimony of those qualified to

17  discuss the subject.

18        4.     Motion to Exclude Evidence of Alleged Unlawful Decisions Made Outside

19  of California.  The FEHA only applies to wrongful conduct that occurs within California.

20  Therefore, any evidence of alleged wrongful conduct occurring outside of California has

21  no probative value to a jury.

22        5.     Motion to Exclude Evidence of Work Outside of California.  Because

23  Defendant is based in Illinoi and the employment policies complained of were developed

24  outside of California, the California Labor Code does not apply to Plaintiff's work

25  outside of California. Therefore, any evidence of work performed outside of California

26  has no probative value to a jury.

27        6.     Motion to Exclude Plaintiff's Use of Modified Text Messages.  Plf. has

28  refused to produce text messages in their original format that would serve to establish the

1   time and date such messages were sent. Instead, Plf. has produced copies of text

2   messages that have been modified by Plf. Such evidence is inadmissible.

3   **VI.    IDENTIFICATION OF ANY ISSUES OF LAW THAT ARE GERMANE TO**

4   **THE CASE AND DEFENDANT'S POSITION ON THESE ISSUES**

5   **1.    Whether Plaintiff's First Cause of Action for "Disability Discrimination**

6   **in Violation of Cal. Gov. Code § 12940(a)" fails as a matter of law because the**

7   **alleged tortious conduct occurred outside California, therefore Plaintiff cannot**

8   **prevail on claims under the California Fair Employment and Housing Act**

9   **("FEHA").**

10   Plf. should be barred from bringing claims under the FEHA because all of the

11   alleged unlawful conduct occurred outside of California.  Therefore, Plf.'s cause of action

12   fails.

13   **2.    Whether Plaintiff's First Cause of Action also fails as a matter of law**

14   **because Plaintiff did not suffer any of the alleged adverse employment actions.**

15   Plf. was not terminated; rather, Plf.'s employment contract was not renewed after

16   the 2016 season.  Therefore, Plf.'s cause of action fails.

17   **3.    Whether Plaintiff's First Cause of Action also fails as a matter of law**

18   **because he has not established that he is disabled, he was not performing according**

19   **to the Cubs' legitimate expectations, he did not suffer an alleged employment action,**

20   **and he cannot establish a discriminatory motive.**

21   Plf. did not submit any medical paperwork concerning his alleged disability during

22   his employment, he was terminated due to poor performance, and his contract was not

23   renewed.  Therefore, Plf.'s cause of action fails.

24   **4.    Whether Plaintiff's First Cause of Action also fails as a matter of law**

25   **because the Cubs have articulated a legitimate, nondiscriminatory business reason**

26   **for their employment decision, which Plaintiff cannot establish is pretextual.**

27   Plf. was not performing to the Cubs' expectations. Plf.'s performance was

28   unanimously criticized by those that relied on his work the most. Plf.'s supervisor

- 23 -

identified Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did not have the aptitude necessary to improve. These criticisms were documented before Plf. informed anyone of his alleged disability and served as the basis for the decision not to renew Plf.'s contract, which is a legitimate, nondiscriminatory reason.  Therefore, Plf.'s cause of action fails.

**5.  Whether Plaintiff's Second Cause of Action for "Disability Discrimination in Violation of Cal. Gov. Code § 12940(m) – Failure to Provide Reasonable Accommodation" fails as a matter of law because the alleged tortious conduct occurred outside California, therefore Plaintiff cannot prevail on claims under the FEHA.**

Plf. should be barred from bringing claims under the FEHA because all of the alleged unlawful conduct occurred outside of California.  Therefore, Plf.'s cause of action fails.

**6.  Whether Plaintiff's Second Cause of Action also fails as a matter of law because Plaintiff did not suffer any of the alleged adverse employment actions.**

Plf. was not terminated; rather, Plf.'s employment contract was not renewed after the 2016 season.  Therefore, Plf.'s cause of action fails.

**7.  Whether Plaintiff's Second Cause of Action also fails as a matter of law because he cannot establish that he had a known disability.**

Plf. did not submit any medical paperwork concerning his alleged disability during his employment.  Therefore, Plf.'s cause of action fails.

**8.  Whether Plaintiff's Second Cause of Action also fails as a matter of law because Plaintiff did not request or desire an accommodation.**

Plf. did not submit any medical paperwork concerning his alleged disability during his employment and did not request any accommodations.  Instead, Plf. Plf. testified that he did not need or want an accommodation.  Therefore, Plf.'s cause of action fails.

1    **9.    Whether Plaintiff's Third Cause of Action for "Disability**

2    **Discrimination in Violation of Cal. Gov. Code § 12940(n) – Failure to Engage in the**

3    **Interactive Process" fails as a matter of law because the alleged tortious conduct**

4    **occurred outside California, therefore Plaintiff cannot prevail on claims under the**

5    **FEHA.**

6    Plf. should be barred from bringing claims under the FEHA because all of the

7    alleged unlawful conduct occurred outside of California.  Therefore, Plf.'s cause of action

8    fails.

9    **10.    Whether Plaintiff's Third Cause of Action also fails as a matter of law**

10   **because Plaintiff did not suffer any of the alleged adverse employment actions.**

11   Plf. was not terminated; rather, Plf.'s employment contract was not renewed after

12   the 2016 season.  Therefore, Plf.'s cause of action fails.

13   **11.    Whether Plaintiff's Third Cause of Action also fails as a matter of law**

14   **because he cannot establish that he had a known disability.**

15   Plf. did not submit any medical paperwork concerning his alleged disability during

16   his employment.  Therefore, Plf.'s cause of action fails.

17   **12.    Whether Plaintiff's Third Cause of Action also fails as a matter of law**

18   **because Plaintiff did not request or desire an accommodation.**

19   Plf. did not submit any medical paperwork concerning his alleged disability during

20   his employment and did not request any accommodations.  Instead, Plf. Plf. testified that

21   he did not need or want an accommodation.  Therefore, Plf.'s cause of action fails.

22   **13.    Whether Plaintiff's Fourth Cause of Action for "Retaliation in Violation**

23   **of Cal. Gov. Code §§ 12940(h) and 12945(i)" fails as a matter of law because the**

24   **alleged tortious conduct occurred outside California, therefore Plaintiff cannot**

25   **prevail on claims under the FEHA.**

26   Plf. should be barred from bringing claims under the FEHA because all of the

27   alleged unlawful conduct occurred outside of California.  Therefore, Plf.'s cause of action

28   fails.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1   **14.     Whether Plaintiff's Fourth Cause of Action also fails as a matter of law**
2   **because Plaintiff did not suffer any of the alleged adverse employment actions.**

3          Plf. was not terminated; rather, Plf.'s employment contract was not renewed after
4   the 2016 season.  Therefore, Plf.'s cause of action fails.

5          **15.     Whether Plaintiff's Fourth Cause of Action also fails as a matter of law**
6   **because he did not engage in any protected activity and he cannot establish that he**
7   **suffered an adverse employment action based on such protected activity.**

8          Plf. did not request any form of accommodation relating to an alleged disability.
9   Plf. was not terminated; rather, Plf.'s employment contract was not renewed after the
10  2016 season.  The decision not to renew Plf.'s contract was made solely as a result of his
11  poor performance.  Therefore, Plf.'s cause of action fails.

12         **16.     Whether Plaintiff's Fifth Cause of Action for "Wrongful Termination in**
13  **Violation of Public Policy" fails as a matter of law because Plaintiff was not**
14  **terminated**.

15         Plf. was not terminated; rather, Plf.'s employment contract was not renewed after
16  the 2016 season.  Therefore, Plf.'s cause of action fails.

17         **17.     Whether Plaintiff's Fifth Cause of Action also fails as a matter of law**
18  **because this claim is derivative of his FEHA claims, which fail as a matter of law.**

19         The Cubs incorporate the evidence described above to defeat Plf.'s underlying
20  claims to show why Plf.'s Fifth Cause of Action similarly fails.  Therefore, Plf.'s cause of
21  action fails.

22         **18.     Whether Plaintiff's Sixth Cause of Action for "Age Discrimination in**
23  **Violation of Cal. Gov. Code § 12940(a)" fails as a matter of law because the alleged**
24  **tortious conduct occurred outside California, therefore Plaintiff cannot prevail on**
25  **claims under the FEHA.**

26         Plf. should be barred from bringing claims under the FEHA because all of the
27  alleged unlawful conduct occurred outside of California.  Therefore, Plf.'s cause of action
28  fails.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    **19.    Whether Plaintiff's Sixth Cause of Action also fails as a matter of law**

2    **because Plaintiff did not suffer any of the alleged adverse employment actions.**

3    Plf. was not terminated; rather, Plf.'s employment contract was not renewed after

4    the 2016 season.  Therefore, Plf.'s cause of action fails.

5    **20.    Whether Plaintiff's Sixth Cause of Action also fails as a matter of law**

6    **because he has not established that he was performing according to the Cubs'**

7    **legitimate expectations, he did not suffer an alleged employment action, and cannot**

8    **establish a discriminatory motive.**

9    Plf. was not performing to the Cubs' expectations. Plf.'s performance was

10    unanimously criticized by those that relied on his work the most. Plf.'s supervisor identified

11    Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the

12    internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did

13    not have the aptitude necessary to improve. Therefore, Plf.'s cause of action fails.

14    **21.    Whether Plaintiff's Sixth Cause of Action also fails as a matter of law**

15    **because the Cubs have articulated a legitimate, nondiscriminatory business reason**

16    **for their employment decision, which Plaintiff cannot establish is pretextual.**

17    Plf. was not performing to the Cubs' expectations. Plf.'s performance was

18    unanimously criticized by those that relied on his work the most. Plf.'s supervisor identified

19    Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the

20    internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did

21    not have the aptitude necessary to improve. Therefore, Plf.'s cause of action fails.

22    **22.    Whether Plaintiff's Seventh Cause of Action for "Failure to Prevent**

23    **Harassment, Discrimination, and Retaliation in Violation of Government Code §**

24    **12940(k)" fails as a matter of law because the alleged tortious conduct occurred**

25    **outside California, therefore Plaintiff cannot prevail on claims under the FEHA.**

26    Plf. should be barred from bringing claims under the FEHA because all of the

27    alleged unlawful conduct occurred outside of California.  Therefore, Plf.'s cause of action

28    fails.

**23.    Whether Plaintiff's Seventh Cause of Action also fails as a matter of law because Plaintiff did not suffer any of the alleged adverse employment actions.**

Plf. was not terminated; rather, Plf.'s employment contract was not renewed after the 2016 season.  Therefore, Plf.'s cause of action fails.

**24.    Whether Plaintiff's Seventh Cause of Action also fails as a matter of law because he cannot establish a cognizable underlying claim for harassment, discrimination or retaliation.**

The Cubs incorporate the evidence described above to defeat Plf.'s underlying claims to show why Plf.'s Fifth Cause of Action similarly fails.  Therefore, Plf.'s cause of action fails.

**25.    Whether Plaintiff's Seventh Cause of Action also fails as a matter of law because the Cubs were not aware of any alleged harassment, discrimination or retaliation until Plaintiff filed this lawsuit.**

Plf. did not submit any medical paperwork concerning his alleged disability during his employment, nor did he complain of harassment or retaliation.  Therefore, Plf.'s cause of action fails.

**26.    Whether Plaintiff's Eighth Cause of Action for "Violation of California Family Rights Act (CFRA), Government Code § 12945.2" fails as a matter of law because the alleged tortious conduct occurred outside California, therefore Plaintiff cannot prevail on claims under the FEHA.**

Plf. should be barred from bringing claims under the FEHA because all of the alleged unlawful conduct occurred outside of California.  Therefore, Plf.'s cause of action fails.

**27.    Whether Plaintiff's Eighth Cause of Action also fails as a matter of law because Plaintiff did not suffer any of the alleged adverse employment actions.**

Plf. was not terminated; rather, Plf.'s employment contract was not renewed after the 2016 season.  Therefore, Plf.'s cause of action fails.

1  **28.   Whether Plaintiff's Eighth Cause of Action also fails as a matter of law**
2  **because the Cubs do not employee 50 employees within 75 miles of Plaintiff's**
3  **workplace, therefore, Plaintiff is ineligible for CFRA leave.**

4       The Cubs had fewer than 20 employees in all of California during the relevant
5  period. Accordingly, none of its employees are entitled to family or medical leave under
6  the CFRA.  Therefore, Plf.'s cause of action fails.

7  **29.   Whether Plaintiff's Eighth Cause of Action also fails as a matter of law**
8  **because Plaintiff did not request or desire CFRA leave.**

9       The Cubs were not required to grant such leave because Plf. did not request or
10 even want to take leave.  Therefore, Plf.'s cause of action fails.

11 **30.   Whether Plaintiff's Eighth Cause of Action also fails as a matter of law**
12 **because the Cubs may take the same employment actions it would have taken if**
13 **Plaintiff had not taken a leave.**

14      Plf. was not performing to the Cubs' expectations. Plf.'s performance was
15 unanimously criticized by those that relied on his work the most. Plf.'s supervisor identified
16 Plf.'s performance deficiencies immediately, noting Plf.'s scouting reports did not have the
17 internal consistency the Cubs were seeking, and referring to Plf. as a "bad scout" who did
18 not have the aptitude necessary to improve. Therefore, Plf.'s cause of action fails.

19 **31.   Whether Plaintiff's Eighth Cause of Action also fails as a matter of law**
20 **because Plaintiff cannot establish that he availed himself of a protected right or that**
21 **the Cubs made an adverse employment decision based on Plaintiff's protected activity.**

22      The decision not to renew Plf.'s contract was made as a result of his poor
23 performance and was independent of any alleged protected activity. Also, Plf. never
24 engaged in protected activity. Therefore, Plf.'s cause of action fails.

25 **32.   Whether Plaintiff's Ninth Cause of Action for "Failure to Pay All**
26 **Wages Due in Violation of Cal. Labor Code §§ 201(a), 204, 510, 558, 1194 & 1198"**
27 **fails as a matter of law because Plaintiff was properly classified as an exempt**
28 **employee.**

1    Plf. was properly classified as an exempt employee because his work was
2    qualitatively administrative, he exercised discretion and independent judgment, he
3    performed his work under only general supervision, and he was primarily engaged in
4    duties that meet the test of the exemption.  Therefore, Plf.'s cause of action fails.

5    **33.    Whether Plaintiff's Ninth Cause of Action also fails as a matter of law**
6    **because Plaintiff worked outside of California 75-90% of the time, and worked for**
7    **an Illinois based employer who developed the relevant employment policies in**
8    **Illinois and had limited contacts with California.**

9    Plf. should be barred from bringing claims under the California Labor Code when he
10   worked for an Illinois based employer who developed the relevant policies in Illinois and he
11   worked outside of California 75-90% of the time.  Therefore, Plf.'s cause of action fails.

12   **34.    Whether Plaintiff's Tenth Cause of Action for "Failure to Provide Paid**
13   **Rest Periods in Violation of Cal. Lab. Code § 226.7" fails as a matter of law because**
14   **Plaintiff was properly classified as an exempt employee.**

15   Plf. was properly classified as an exempt employee because his work was
16   qualitatively administrative, he exercised discretion and independent judgment, he
17   performed his work under only general supervision, and he was primarily engaged in
18   duties that meet the test of the exemption.  Therefore, Plf.'s cause of action fails.

19   **35.    Whether Plaintiff's Tenth Cause of Action also fails as a matter of law**
20   **because Plaintiff worked outside of California 75-90% of the time, and worked for**
21   **an Illinois based employer who developed the relevant employment policies in**
22   **Illinois and had limited contacts with California.**

23   Plf. should be barred from bringing claims under the California Labor Code when he
24   worked for an Illinois based employer who developed the relevant policies in Illinois and he
25   worked outside of California 75-90% of the time.  Therefore, Plf.'s cause of action fails.

26   **36.    Whether Plaintiff's Tenth Cause of Action also fails as a matter of law**
27   **because Plaintiff worked alone with no supervision and had complete autonomy**

28

1  **over his schedule, such that he cannot plausibly claim that he was not authorized**
2  **and permitted to take a rest break.**

3       Since Plaintiff worked alone with no supervision and had complete autonomy over
4  his schedule, he was free to take rest breaks at his discretion.  Therefore, Plf.'s cause of
5  action fails.

6       **37.    Whether Plaintiff's Eleventh Cause of Action for "Failure to Pay for**
7  **Missed Meal Periods in Violation of Cal. Lab. Code §§ 512, 226.7" fails as a matter**
8  **of law because Plaintiff was properly classified as an exempt employee.**

9       Plf. was properly classified as an exempt employee because his work was
10 qualitatively administrative, he exercised discretion and independent judgment, he
11 performed his work under only general supervision, and he was primarily engaged in
12 duties that meet the test of the exemption.  Therefore, Plf.'s cause of action fails.

13      **38.    Whether Plaintiff's Eleventh Cause of Action also fails as a matter of**
14 **law because Plaintiff worked outside of California 75-90% of the time, and worked**
15 **for an Illinois based employer who developed the relevant employment policies in**
16 **Illinois and had limited contacts with California.**

17      Plf. should be barred from bringing claims under the California Labor Code when he
18 worked for an Illinois based employer who developed the relevant policies in Illinois and he
19 worked outside of California 75-90% of the time.  Therefore, Plf.'s cause of action fails.

20      **39.    Whether Plaintiff's Eleventh Cause of Action also fails as a matter of**
21 **law because Plaintiff worked alone with no supervision and had complete autonomy**
22 **over his schedule, such that he cannot plausibly claim that he was not permitted a**
23 **reasonable opportunity to take a meal break.**

24      Since Plaintiff worked alone with no supervision and had complete autonomy over
25 his schedule, he was free to take meal breaks at his discretion.  Therefore, Plf.'s cause of
26 action fails.

27

28

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**40.    Whether Plaintiff's Twelfth Cause of Action for "Failure to Provide Accurate Itemized Statements in Violation of Cal. Labor Code § 226(a)-(g)" fails as a matter of law because Plaintiff was properly classified as an exempt employee.**

Plf. was properly classified as an exempt employee because his work was qualitatively administrative, he exercised discretion and independent judgment, he performed his work under only general supervision, and he was primarily engaged in duties that meet the test of the exemption.  Therefore, Plf.'s cause of action fails.

**41.    Whether Plaintiff's Twelfth Cause of Action also fails as a matter of law because Plaintiff worked outside of California 75-90% of the time, and worked for an Illinois based employer who developed the relevant employment policies in Illinois and had limited contacts with California.**

Plf. should be barred from bringing claims under the California Labor Code when he worked for an Illinois based employer who developed the relevant policies in Illinois and he worked outside of California 75-90% of the time.  Therefore, Plf.'s cause of action fails.

**42.    Whether Plaintiff's Twelfth Cause of Action also fails as a matter of law because it is derivative of Plaintiff's other meritless wage and hour claims.**

Since Plf.'s underlying wage and hour claims fails, this cause of action also fails.

**43.    Whether Plaintiff's Twelfth Cause of Action also fails as a matter of law pursuant to *Maldonado v. Epsilon Plastics, Inc*., --- Cal. Rptr. 3d ---, 2018 WL 2123889 (Cal. Ct. App. 2018).**

This cause of action fails because the Cubs provided Plf. with wage statements that accurately reflected the payment he received at the time.

**44.    Whether Plaintiff's Thirteenth Cause of Action for "Failure to Pay Wages When Due in Violation of Cal. Labor Code §§ 201-203" fails as a matter of law because Plaintiff was properly classified as an exempt employee.**

Plf. was properly classified as an exempt employee because his work was qualitatively administrative, he exercised discretion and independent judgment, he

1  performed his work under only general supervision, and he was primarily engaged in

2  duties that meet the test of the exemption.  Therefore, Plf.'s cause of action fails.

3  **45.      Whether Plaintiff's Thirteenth Cause of Action also fails as a matter of**

4  **law because Plaintiff worked outside of California 75-90% of the time, and worked**

5  **for an Illinois based employer who developed the relevant employment policies in**

6  **Illinois and had limited contacts with California.**

7  Plf. should be barred from bringing claims under the California Labor Code when he

8  worked for an Illinois based employer who developed the relevant policies in Illinois and he

9  worked outside of California 75-90% of the time.  Therefore, Plf.'s cause of action fails.

10  **46.      Whether Plaintiff's Thirteenth Cause of Action also fails as a matter of**

11  **law because the Cubs acted in good faith and did not willfully fail to pay wages.**

12  Plf. has alleged no evidence showing that the Cubs willfully failed to pay him

13  wages owed.  Therefore, Plf.'s cause of action fails.

14  **47.      Whether Plaintiff's Fourteenth Cause of Action for "Failure to**

15  **Reimburse Expenses in Violation of Cal. Labor Code § 2802" fails as a matter of law**

16  **because Plaintiff worked outside of California 75-90% of the time, and worked for**

17  **an Illinois based employer who developed the relevant employment policies in**

18  **Illinois and had limited contacts with California.**

19  Plf. should be barred from bringing claims under the California Labor Code when he

20  worked for an Illinois based employer who developed the relevant policies in Illinois and he

21  worked outside of California 75-90% of the time.  Therefore, Plf.'s cause of action fails.

22  **48.      Whether Plaintiff's Fourteenth Cause of Action also fails as a matter of**

23  **law because Plaintiff admits that he did not incur any expenses that were not**

24  **reimbursed.**

25  Based on his own admission that he did not incur any expenses that were not

26  reimbursed, Plf.'s cause of action fails.

27  **49.      Whether Plaintiff's Fifteenth Cause of Action for "Conversion" fails as**

28  **a matter of law because Plaintiff was properly classified as an exempt employee.**

- 33 -

1  Plf. was properly classified as an exempt employee because his work was

2  qualitatively administrative, he exercised discretion and independent judgment, he

3  performed his work under only general supervision, and he was primarily engaged in

4  duties that meet the test of the exemption.  Therefore, Plf.'s cause of action fails.

5  **50.    Whether Plaintiff's Fifteenth Cause of Action also fails as a matter of**

6  **law because Plaintiff worked outside of California 75-90% of the time, and worked**

7  **for an Illinois based employer who developed the relevant employment policies in**

8  **Illinois and had limited contacts with California.**

9  Plf. should be barred from bringing claims under the California Labor Code when he

10  worked for an Illinois based employer who developed the relevant policies in Illinois and he

11  worked outside of California 75-90% of the time.  Therefore, Plf.'s cause of action fails.

12  **51.    Whether Plaintiff's Fifteenth Cause of Action also fails because where a**

13  **statute creates new rights and obligations not previously existing in the common**

14  **law, the express statutory remedy is deemed to be the exclusive remedy available for**

15  **statutory violations.**

16  The Labor Code provides the exclusive remedy for the violations upon which this

17  claim is based.  Accordingly, Plf. must pursue relief exclusively under the Labor Code.

18  Therefore, Plf.'s cause of action fails.

19  **52.    Whether Plaintiff's Sixteenth Cause of Action for "Unfair Competition**

20  **in Violation of Cal. Bus. & Prof. Code § 17200, et seq." fails as a matter of law**

21  **because Plaintiff was properly classified as an exempt employee.**

22  Plf. was properly classified as an exempt employee because his work was

23  qualitatively administrative, he exercised discretion and independent judgment, he

24  performed his work under only general supervision, and he was primarily engaged in

25  duties that meet the test of the exemption.  Therefore, Plf.'s cause of action fails.

26  **53.    Whether Plaintiff's Sixteenth Cause of Action also fails as a matter of**

27  **law because Plaintiff worked outside of California 75-90% of the time, and worked**

28

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

for an Illinois based employer who developed the relevant employment policies in Illinois and had limited contacts with California.

Plf. should be barred from bringing claims under the California Labor Code when he worked for an Illinois based employer who developed the relevant policies in Illinois and he worked outside of California 75-90% of the time.  Therefore, Plf.'s cause of action fails.

**54.    Whether Plaintiff's Sixteenth Cause of Action also fails as a matter of law because this claim is entirely derivative of Plaintiff's other meritless wage and hour claims.**

Since Plf.'s underlying wage and hour claims fails, this cause of action also fails.

**55.    Whether Plaintiff's claims for Punitive Damages fail as a matter of law because there is no evidence of malice, oppression or wrongful intent by any Cubs employee.**

As there is no evidence of malice or wrongful intent by any Cubs employee, much less the "clear and convincing" evidence that is required, Plf.'s claim for punitive damages fails.

## VII.   BIFURCATION OF ISSUES

The Cubs anticipate moving to bifurcate the issue of punitive damages from the liability phase of trial.

## VIII.  JURY TRIAL

The claims and defenses raised by the pleadings are triable to a jury and a timely demand for a jury has been made.

## IX.    ATTORNEYS' FEES

The Court has discretion to award the prevailing party attorneys' fees under California Fair Employment and Housing Act § 12965(b).

## X.     ABANDONMENT OF ISSUES

Based on Plf.'s Opposition to Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, Plf. has abandoned the following claims: Disability Discrimination—Failure to Provide Reasonable Accommodation; Disability

Discrimination—Failure to Engage in the Interactive Process; Failure to Prevent Harassment, Discrimination and Retaliation; California Family Rights Act Violation; Failure to Pay All Wages Due; Failure to Provide Paid Rest Periods; Failure to Pay for Missed Meal Periods; Failure to Provide Accurate Itemized Statements; Waiting Time Penalties; Failure to Reimburse Expenses; Conversion; and Unfair Competition.

The Cubs do not intend to pursue the following pleaded affirmative defenses: Second Affirmative Defense (Failure to Exhaust Administrative Remedies); and Eighth Affirmative Defense (Laches).

DATED:  May 21, 2018                          PROSKAUER ROSE LLP

                                        By:  /s/ Anthony J. Oncidi
                                             ANTHONY J. ONCIDI
                                             ANTHONY J. DIBENEDETTO
                                             Attorneys for Defendant, CHICAGO
                                             CUBS BASEBALL CLUB, LLC